## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | |
|---|---|
| THOMAS E. WELCHMAN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 5:19-cv-01026 |
| DIVERSIFIED CONSULTANTS, INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW comes THOMAS E. WELCHMAN ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of DIVERSIFIED CONSULTANTS, INC. ("Defendant"), as follows:

### NATURE OF THE ACTION

1.   Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2.   This action arises under and is brought pursuant to the FDCPA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

3.   Venue is proper in this Court pursuant to 28 U.S.C. §139 as Defendant conducts business in the Western District of Texas and a substantial amount of the events and omissions that gave rise to Plaintiff's cause of action occurred within the Western District of Texas.

<strong>PARTIES</strong>

4.   Plaintiff is a consumer over 18 years-of-age residing in San Antonio, Texas, which is within the Western District of Texas.

5.   Plaintiff is natural "person," as defined by 47 U.S.C. §153(39).

6.   Defendant "is a full service collection agency" that provides third-party accounts receivables management to its clients.[1] Defendant is a corporation organized under the laws of the state of Florida with its principal place of business located at 10550 Deerwood Park Boulevard, Suite 309, Jacksonville, Florida.

7.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

<strong>FACTS SUPPORTING CAUSES OF ACTION</strong>

8.    The instant action stems from Defendant's attempts to collect upon a telecommunications debt ("subject debt") that Plaintiff purportedly owes to Verizon Communications, Inc. ("Verizon").

9.   On or about August 20, 2019 at 9:43 P.M., Defendant telephonically contacted Plaintiff attempting to collect upon the subject debt.

10.   Plaintiff was putting his children to bed when he received the aforementioned collection call at 9:43 P.M.

---

[1] https://www.dcicollect.com/services/

11.   Taken aback by the late phone call, Plaintiff returned Defendant's call minutes thereafter to demand that Defendant cease contacting him during hours prohibited by relevant laws and regulations.

12.   In spite of Plaintiff's demands, Defendant persisted in its attempts to collect upon the subject debt during the late hours of the night.

13.   Frustrated over Defendant's continued conduct, Plaintiff spoke with Sulaiman regarding his rights, resulting in expenses.

14.   Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

15.   Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection calls, and emotional distress.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

16.   Plaintiff repeats and realleges paragraphs 1 through 15 as though fully set forth herein.

17.   Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

18.   Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

19.   Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant identifies itself as a debt collector and has been a member of the Association of Credit and Collection Professionals ("ACA") since 1996.[2]

---

[2] http://www.acainternational.org/search#memberdirectory

3

20. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

### a. Violations of FDCPA §1692c(a)(1)

21. The FDCPA, pursuant to 15 U.S.C. § 1692c(a)(1), provides that "a debt collector may not communicate with a consumer in connection with the collection of any debt - - (1) at any unusual time . . . or a time . . . which should be known to be inconvenient to the consumer . . . ." For purposes of § 1692c(a)(1), "a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location."

22. Defendant violated 15 U.S.C. § 1692c(a)(1) when it communicated with Plaintiff at 9:43 P.M. local time. By calling Plaintiff at the aforementioned late hour, Defendant communicated with Plaintiff at a time which was presumptively inconvenient and was therefore in violation of the FDCPA.

### b. Violations of FDCPA §1692d

23. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

24. Defendant violated 15 U.S.C. §1692d by contacting Plaintiff at times it knew were prohibited, with the aim of harassing Plaintiff into making a payment.

### c. Violations of FDCPA §1692e

25. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

27. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendant to contact Plaintiff at a time prohibited by the FDCPA. Through its actions, Defendant represented that it could attempt to collect upon the subject debt even at times presumed inconvenient for consumers under the FDCPA.

**d. Violations of FDCPA §1692f**

28. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated §1692f when it unfairly attempted to collect upon the subject debt. Any reasonable fact finder will conclude that attempting to collect upon a debt during the late hours of the evening, which are presumed inconvenient for consumers under the FDCPA, is unfair as consumers would not be allowed any reprieve from a debt collector's collection campaign.

30. As pled in paragraphs 13 through 15, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, THOMAS E. WELCHMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b.   Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c.   Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d.   Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e.   Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f.   Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31.  Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32.  Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33.  Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

34.  The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

**a.   Violations of TDCA § 392.304**

35.  The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

36. Defendant violated the TDCA through the implicit misrepresentation of its call at 9:43 P.M. Through its actions, Defendant represented that it had the lawful authority to contact Plaintiff at the aforementioned hour, when it was strictly prohibited from doing so.  In spite of Plaintiff's

insistence that it should not be contacting him at that hour, Defendant persisted in its efforts to collect upon the subject debt.

WHEREFORE, Plaintiff, THOMAS E. WELCHMAN, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b); and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: August 23, 2019                           Respectfully submitted,

s/ Nathan C. Volheim                              s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                  Taxiarchis Hatzidimitriadis, Esq. #6319225
 *Counsel for Plaintiff*                           *Counsel for Plaintiff*
Admitted in the Western District of Texas          Admitted in the Western District of Texas
Sulaiman Law Group, Ltd.                           Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                            Lombard, Illinois 60148
(630) 568-3056 (phone)                             (630) 581-5858 (phone)
(630) 575-8188 (fax)                               (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                           thatz@sulaimanlaw.com